IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AVA MAUREEN SAWYER, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | 1:09cv298 (LMB/IDD) |
| ) | |
| DEAN S. WORCESTER, ) | |
| ) | |
| Appellee. ) | |

| | |
|---|---|
| AVA MAUREEN SAWYER, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | 1:09cv431 (LMB/IDD) |
| ) | |
| DEAN S. WORCESTER, et al., ) | |
| ) | |
| Appellees. ) | |

MEMORANDUM OPINION

These two bankruptcy appeals arise out of nearly 14 years of litigation between two lawyers, appellant Ava Maureen Sawyer and appellee Dean S. Worcester, stemming from their joint representation of Preston E. Conner, Sr. Sawyer, pro se, has filed two bankruptcy appeals. In the first, Sawyer v. Worcester, No. 1:09cv298 (E.D. Va. filed March 18, 2009), she appeals from the bankruptcy court's order sustaining Worcester's plea of res judicata and collateral estoppel and overruling her objection to the validity of Worcester's claim. The second, Sawyer v. Worcester, et al., No. 1:09cv431 (E.D. Va. filed April 21, 2009), involves the bankruptcy court's order denying several of her

motions related to the claims of the appellees.[1] Oral argument is not needed because the facts and legal contentions are adequately presented in the materials submitted and argument would not aid the decisional process.

I. Background

The underlying bankruptcy proceeding arises out of a dispute over attorneys' fees that began in the early 1990s. At that time, Sawyer and Worcester performed legal services for a client, Preston E. Conner, Sr. After successfully representing Conner, the parties disagreed over the attorneys' fees due, and Conner filed a Petition in Equity against Sawyer and Worcester in the Circuit Court of Frederick County, apparently seeking the return of funds Sawyer was holding in escrow. After conducting a full hearing on the petition, Judge Designate Rudolph Bumgardner, III issued a Final Decree on August 26, 1994,[2] which declared that the fee due to Sawyer and Worcester from Conner was $134,000.00 and that Sawyer should disburse the fee and provide the remaining $117,085.94 that she was holding in escrow to Conner. The Decree

---

[1] Because the two appeals arise out of one bankruptcy proceeding, In re Ava Maureen Sawyer, No. 1:07bk13021 (Bankr. E.D. Va. filed Oct. 17, 2007), they will be decided in one Memorandum Opinion. This Memorandum Opinion and the accompanying Order will be filed in both civil actions.

[2] Because one of the attorneys in the suit regularly practiced before the Circuit Court of Frederick County, the Judges of the Circuit requested that a Judge be designated to preside over the matter. The hearing included opening statements and a presentation of evidence by Sawyer, Worcester, and Conner.

2

also stated that the Court had heard evidence concerning how the fees should be divided between Sawyer and Worcester over Sawyer's objection. The Court decided that Sawyer and Worcester were each due $62,000.00, arriving at that figure by subtracting the $10,000.00 they were already paid from the $134,000.00 they were due and dividing the resulting amount equally. Because Sawyer had already received those funds from Conner, the Court ordered Sawyer to pay Worcester $62,000.00, his share of the fees. Sawyer filed a notice of appeal of the Final Decree, but failed to file a timely petition for review, and her appeal was dismissed by the Virginia Supreme Court.

Sawyer failed to disburse the funds to Worcester, who then filed Debtor Interrogatories to enforce his judgment against her in the Circuit Court of Frederick County. That court issued a Rule to Show Cause and a Capias to enforce the judgment. Sawyer, who was represented by counsel, filed a Motion to Quash and Vacate, in which she challenged the August 26, 1994 judgment, arguing that the court lacked jurisdiction to enter the judgment and that she was not afforded the fundamental fairness required by due process. After holding a hearing on the motion, Judge Sinclair issued a decree denying Sawyer's Motion to Quash and Vacate. Sawyer appealed the decision. The Supreme Court of Virginia refused the petition for appeal, finding "no reversible error in the judgment complained of." The United States Supreme

Court denied Sawyer's subsequent petition for a writ of certiorari. Although the 1994 judgment is a final judgment, it has not been satisfied.

After filing two previous bankruptcy cases in this district, which were subsequently dismissed, Sawyer voluntarily filed for Chapter 13 bankruptcy on October 17, 2007. Worcester and the Estate of Preston Conner, Sr., have filed claims against Sawyer, based on the unsatisfied 1994 judgment. These two appeals arise out of Sawyer's objections to those claims.

## II. Discussion

### A. Standard of Review

When reviewing the decision of a bankruptcy court, a district court must accept the court's findings of fact unless they are clearly erroneous. Fed. R. Bankr. P. 8013. Legal conclusions, however, are reviewed de novo. In re Green, 934 F.2d 568, 570 (4th Cir. 1991).

### B. Appeal of the June 16, 2008 Order and Memorandum Opinion

In Sawyer v. Worcester, 1:09cv298, Sawyer appeals the bankruptcy court's Order and Memorandum Opinion of June 16, 2008 which sustained Worcester's plea of res judicata and overruled Sawyer's objection to the validity of Worcester's claim. After reviewing the briefs of each side and patiently taking evidence on the matter, the bankruptcy court issued a comprehensive and well-reasoned Memorandum Opinion dated June 16, 2008, which

4

overruled Sawyer's objections and affirmed Worcester's plea of res judicata and collateral estoppel. Specifically, the bankruptcy court held that Judge Sinclair's order of April 25, 2000, which denied Sawyer's Motion to Quash and Vacate, prevented Sawyer from relitigating her objections to Worcester's claim before the bankruptcy court. After carefully reviewing the submissions of Sawyer and Worcester and the record before the bankruptcy court, which included trial transcripts, this Court finds there is no basis upon which to disturb the bankruptcy court's findings of fact.

The bankruptcy court also applied the correct legal principles to these facts. "The bar of res judicata precludes relitigation of the same cause of action, or any part thereof, which could have been litigated between the same parties and their privies." Smith v. Ware, 421 S.E.2d 444, 445 (Va. 1992). Under Virginia law, the following four elements must be present before res judicata applies: "1) the identity of the remedies sought; 2) the identity of the cause of action; 3) the identity of the parties; and 4) the identity of the qualities of the persons for or against whom the claim is made." Willner v. Frey, 421 F. Supp. 2d 913, 921 (E.D. Va. 2006) (quoting Smith, 421 S.E.2d at 445). The bankruptcy court properly found that all four elements were satisfied because: 1) Sawyer attacked the validity of Worcester's judgment before Judge Sinclair and in her Chapter 13 bankruptcy; 2) in both proceedings, Sawyer claimed

5

that the circuit court lacked personal and subject matter jurisdiction and that her due process rights were violated; 3) Sawyer and Worcester were parties in the state court and the bankruptcy proceedings; and 4) the "quality of the persons" was also the same in both proceedings. In addition, the April 25, 2000 order of Judge Sinclair has become a final judgment, after Sawyer's petition for appeal was denied by the Virginia Supreme Court, and the United States Supreme Court denied her petition for certiorari. Accordingly, the April 25, 2000 order bars Sawyer from relitigating those claims actually made, or that might have been made, in the case before Judge Sinclair. Accordingly, the decision of the bankruptcy court will be affirmed.

C.   **Appeal of the October 6, 2008 Order and Memorandum Opinion**

In <u>Sawyer v. Worcester, et al.</u>, 1:09cv431, Sawyer appeals an Order and Memorandum Opinion of October 6, 2008 denying four motions:  1) Motion to Approve Pursuant to the Authority of <u>Pepper v. Litton</u>; 2) Motion to Reconsider, Alter and Amend the July 31, 2008 Order of the Court Overruling Debtor's Objections to the Claim of the Estate of Preston Conner and Allowing the Estate of Preston Conner a Secured Claim in the Sum of $25,719.31; 3) Motion to Reconsider, Alter and Amend the July 30, 2008 Order of the Court Overruling Debtor's Objections to the Claim of Dean S. Worcester and Allowing Worcester a Secured

6

Claim; and 4) Motion to Stay Distributions by the Chapter 13 Trustee Until Debtor's <u>Pepper v. Litton</u> Motion Has Been Resolved.[3]

In her Motion Pursuant to the Authority of <u>Pepper v. Litton</u>, Sawyer asked the bankruptcy court not to enforce Worcester's judgment against her, arguing that it would be inequitable to do so. In <u>Pepper v. Litton</u>, the Supreme Court held that the bankruptcy court was not barred by res judicata from examining the state court judgment when the "validity of the underlying claim was not in issue" in the prior state court proceeding. <u>See</u> 308 U.S. 295, 302-03 (1939). This holding is not applicable to Worcester's claim against Sawyer because, as recited above, the April 25, 2000 order of Judge Sinclair determined that the 1994 judgment was valid, and the bankruptcy court properly determined that it was barred from reviewing the validity of the judgment under the principle of res judicata. Accordingly, the decision of the bankruptcy court to deny this motion will be affirmed.

Next, Sawyer appeals the decision of the bankruptcy court to deny her Motion to Reconsider, Alter and Amend the July 31, 2008 Order of the Court Overruling Debtor's Objections to the Claim of

---

[3] In her description of her appeal, Sawyer stated that she was appealing the decision "Denying Mot. to Stay Distributions by Trustee." Because the Motion to Approve Stay Distributions by the Chapter 13 Trustee Until Appeals of this Court's Approvals of Creditors Claims Have Been Resolved was granted, this Court assumes that Sawyer is appealing the denial of her Motion to Stay Distributions by Trustee Until Debtor's <u>Pepper v. Litton</u> Motion Has Been Resolved.

7

the Estate of Preston Conner and Allowing the Estate of Preston Conner a Secured Claim in the Sum of $25,719.31. In this motion, Sawyer argued that the award on August 26, 1994 of pre-judgment interest was void ab initio and that the claim should be denied pursuant to Pepper v. Litton. Sawyer also specifically objected to the calculation of the amount due to the Estate of Preston Conner, Sr. In a Memorandum Opinion dated October 6, 2008, the bankruptcy court carefully considered the debtor's objections to its calculation of the claim and explained how it determined the amount of Conner's secured claim. This Court finds no reversible error in the bankruptcy court's decision to deny this motion in its entirety, and the decision will be affirmed for the reasons stated by the bankruptcy court.

Sawyer also filed a Motion to Reconsider, Alter and Amend the July 30, 2008 Order of the Court Overruling Debtor's Objections to the Claim of Dean S. Worcester and Allowing Worcester a Secured Claim. For the reasons explained in the discussion of Sawyer v. Worcester, 1:09cv298, above and those given by the bankruptcy court, the decision to deny this motion will also be affirmed.

Finally, Sawyer appeals the bankruptcy court's decision to deny her Motion to Stay Distributions by the Chapter 13 Trustee Until Debtor's Pepper v. Litton Motion Has Been Resolved. Because Sawyer's Motion Pursuant to the Authority of Pepper v. Litton was denied by the same October 6, 2008 Order, this motion

8

was appropriately denied.

## III. Conclusion

For all these reasons, the decisions of the bankruptcy court will be affirmed. An appropriate Order will issue.

If the appellant chooses to appeal or pursue any further litigation related to the claims in these civil actions, she should be mindful of Rule 11 of the Federal Rules of Civil Procedure, which mandates that when a party files a pleading, she certifies to the best of her knowledge and belief that "it is not being presented for any improper purpose, such as to harass . . . or needlessly increase the cost of litigation." She must also certify that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). If a party violates Rule 11, the Court may impose sanctions. Fed. R. Civ. P. 11(c).

Entered this 4th day of August, 2009.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

9